WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| KATHLEEN C. CAMPBELL et al., | No. CV-05-0880-PHX-SMM |
| Plaintiffs, | **ORDER** |
| v. |  |
| JUDY FERNANDO-SHOLES et al., |  |
| Defendants. |  |

Pending before the Court is Plaintiffs' Application for Entry of Default Against Defendant "Law Offices of Bruce A. Sholes," previously known in this matter as "Law Offices of Bruce A. Sholes, P.L.L.C." (Doc. 52-1).

Plaintiffs Kathleen C. Campbell, individually and as the successor in interest of Ruth C. Pritchard, deceased, Capitol Enquiry Inc., and Capitol Education, Inc., pursuant to Federal Rules of Civil Procedure 55(a), request the Clerk of the Court to enter default against Defendant "Law Offices of Bruce A. Sholes," on the grounds that said Defendant has failed to plead or otherwise defend this action despite being lawfully served with summons and

-1-

having had ample opportunity to do so.

**BACKGROUND**

On September 19, 2005, proof of service of process on Defendant Law Offices of Bruce A. Sholes, P.L.L.C. was filed with the Court. (Doc. 16). Said service was effected by service on the Arizona Corporation Commission because the Law Office of Bruce A. Sholes had not advised the Arizona Secretary of State of the current addresses of its statutory agents, members, and managers. Consequently, the Court ruled, "Plaintiff's service of summons on the Corporation Commission was proper."[1] (Doc. 47).

Plaintiff's original application for entry of default against Defendant (Doc. 39) was filed on May 20, 2006. However, because the application was filed only two days after Defendant filed a motion to dismiss wherein Defendant appeared specially solely for the purpose of "contesting plaintiff's improper and insufficient service of process...and to move to quash the summons issued..." (Doc. 40), the Court determined that it was proper to deny the application to mitigate any prejudice and to "provide Defendant Office of Bruce A. Sholes" sufficient time to answer or otherwise respond to Plaintiff's Complaint. (Doc. 47).

Despite the passage of nearly six months since the Court's Order denying the application for entry of default and the passage of nearly eleven months since the Plaintiff's first application for entry of default, Defendant Law Offices of Bruce A. Sholes has not filed

---

[1] This Court previously ruled that the distinction between "Law Offices of Bruce A. Sholes, P.L.L.C." and "Law Offices of Bruce A. Sholes" was one of "form only, not substance", and that the summons was effective *nunc pro tunc* and that Plaintiff need not re-serve Law Offices of Bruce A. Sholes. The Defendant's proper name is Law Offices of Bruce A. Sholes and will hereinafter only be referred to as such. (Dkt. 47).

an answer or otherwise responded to Plaintiff's Complaint.  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Fed. R. Civ. P. 55(a).

In the present case, the record indicates valid proof of service to the Defendant Law Offices of Bruce A. Sholes, as well as an expired deadline for Defendant's answer or other form of response to Plaintiff's Complaint.  Defendant was made aware of the risk of default judgement upon Plaintiff's first application for entry of default in May of 2006 (Doc. 39), as well as in the discussion in the Court's Order entered in October of 2006 (Doc. 47).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall enter Default against Defendant "Law Offices of Bruce A. Sholes."

DATED this 28th day of March, 2007**.**

_____
Stephen M. McNamee
United States District Judge

-3-